UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Joseph Knights,<br>Individually, and on behalf of all others similarly situated,<br><br>                                        Plaintiff,<br>          -v-<br><br>Novitex Enterprise Solutions, Inc., and<br>The Millennium Group of Delaware, Inc.,<br><br>                                        Defendants. | Civ. Action #:<br><br>**Complaint**<br><br>Date Filed:<br><br>**Jury Trial Demanded** |

Plaintiff Joseph Knights ("Plaintiff" or "Knights"), on behalf of himself and all others similarly situated, by Abdul Hassan Law Group, PLLC, his attorneys, complaining of the Defendants Novitex Enterprise Solutions, Inc., and The Millennium Group of Delaware, Inc. (collectively "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges on behalf of himself, and other similarly situated current and former hourly employees who worked for the Defendants, individually, and/or jointly, and who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that he and they are: (i) entitled to unpaid wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the regular rate for each and all such hours over forty in a week, and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. §§ 216(b).

2. Plaintiff complains on behalf of himself and a class of other similarly situated current and former hourly employees who worked for the Defendants, pursuant to the Fed. R. Civ. Proc. 23, that he and they are: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the regular rate for each and all such hours over forty in a week, and (ii) entitled to costs and attorney's fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., ("NYLL") including NYLL § 663, and the regulations thereunder – 12

NYCRR § 142-2.2.

3. Plaintiff further complains under Fed. R. Civ. Proc. 23, on behalf of himself and a class of other similarly-situated current and former employees who were employed by Defendants as manual workers, within the six-year period preceding the filing of this action to the date of disposition of this action, that he and they: 1) were employed by Defendants within the State of New York as manual workers; 2) entitled to maximum liquidated damages (for the period after April 9, 2011) and interest for being paid overtime wages and non-overtime wages later than weekly; and 3) entitled to costs and attorneys' fees, pursuant to the New York Labor Law ("NYLL") §§ 191, 198, and the regulations thereunder; as well as an injunction prohibiting Defendants from continuing to violate the weekly payment requirement for manual workers set forth in NYLL 191.

4. Plaintiff and the class members are also entitled to recover compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

## THE PARTIES

8. Plaintiff Joseph Knights ("Plaintiff" or "Knights") is an adult, over eighteen years old, who currently resides in Queens County in the State of New York.

9. Upon information and belief and at all times relevant herein, Novitex Enterprise Solutions, Inc. ("Novitex") was a for-profit corporation, duly authorized to do business in the state of New York.

10. Upon information and belief and at all times relevant herein, The Millennium Group of Delaware, Inc. ("TMG") was a for-profit corporation duly authorized to do business in the state of New York.

11. Until in or around March 2017, defendant Novitex provided employees including Plaintiff to work in the mail room of Teachers Insurance and Annuity Association of America ("TIAA"), at 730 Third Avenue, NY, NY 10017.

12. From in or around March 2017, defendant TMG provided employees including Plaintiff to work in the mail room of TIAA at 730 Third Avenue, NY, NY 10017.

13. From around March 2017, defendant TMG became the successor in interests to defendant Novitex including with respect to Plaintiff's employment at TIAA's location at 730 Third Avenue, NY, NY 10017.

14. At all times relevant herein, Defendants, individually and/or jointly, controlled the employment of Plaintiff and was responsible for hiring, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions.

15. Upon information and belief, Defendants shared a place of business in New York County, New York at 730 Third Avenue, New York, NY 10017, where Plaintiff was employed.

16. At all times relevant herein, Defendants employed Plaintiff individually and/or jointly.

## STATEMENT OF FACTS

17. Upon information and belief, and at all relevant times herein, Defendants were engaged in the business of providing courier management services to a wide variety of companies such as TIAA.

3

18. At all times relevant herein, Defendants, individually and/or jointly, employed hundreds of employees at any given time and hundreds of employees during the class period.

19. Plaintiff was employed by Defendants, individually and/or jointly, from on or about June 24, 1991 to on or about November 6, 2017.

20. At all times relevant herein, Plaintiff was employed by Defendants to perform a variety of manual functions such as operating of a mail scanning machine, and sorting, handling, scanning and uploading mails, packages etc.

21. At all times relevant herein, Plaintiff was paid at an hourly rate of $21.85 - $22.72 an hour, at separate times during his employment with Defendants.

22. At all times relevant herein, Defendants had a policy and practice of automatically deducting from the wages of Plaintiff, the equivalent of one hour of pay daily for lunch breaks. However, at all times relevant herein, due to the demands of his job, Plaintiff worked through his lunch break during most work-days and on other work days, Plaintiff ate lunch during a break of about 15-20 minutes, and on isolated occasions, Plaintiff took a lunch break of 30 minutes or more. This unlawful practice of Defendants resulted in an underpayment of wages, including the underpayment of overtime wages (hours over 40 in a week) – Plaintiff is owed wages for about 4 or more hours a week, for most weeks during his employment with Defendants. For example, for the biweekly pay period ending October 1, 2017, Plaintiff worked about 100 hours and Defendants only paid Plaintiff for 90 of these hours worked. This example is reflective of Defendants' deduction and payment pattern throughout Plaintiff's employment with Defendants.

23. The violations Plaintiff complains of herein, also apply to and were suffered by the putative class members.

24. Upon information and belief, and at all times relevant herein, Plaintiff was a full-time employee of Defendants worked about 50-60 and likely more hours a week during his employment with Defendants, 5 days a week – numbers that will be refined when Defendants produce wage and time records they were required to keep under the FLSA and NYLL.

25. Plaintiff incorporates herein, <u>accurate</u> records of his time, wage and employment that Defendants were required to keep pursuant to the FLSA and NYLL.

26. At all times relevant herein, Defendants failed to pay Plaintiff and the putative class members at a rate of 1.5 times their regular rate for each and all hours worked in excess of 40 in a week, for each week during their employment with Defendants.

27. At all times relevant herein, Defendants paid Plaintiff and the putative class on a bi-weekly basis in violation of NYLL 191 (1)(a)(i).

28. At all times relevant herein, Defendants did not provide Plaintiff and the putative class members with the notice(s) required by NYLL 195(1).

29. At all times relevant herein, Defendants did not provide Plaintiff and the putative class members with the statement(s) required by NYLL 195(3) – the wage statements provided to Plaintiff did not contain all hours worked by Plaintiff, among other deficiencies.

30. Upon information and belief and at all times relevant herein, Defendants had annual revenues and/or expenditures in excess of $500, 000.

31. Upon information and belief and at all times relevant herein, Defendants conducted business with companies outside the state of New York.

32. Upon information and belief, and at all times relevant herein, Defendants and Plaintiff conducted business with insurance companies outside the state of New York.

33. Upon information and belief and at all times relevant herein, Defendants purchased essential materials, equipment and supplies from vendors outside the state of New York.

34. At all times applicable herein, Defendants conducted business with vendors and other businesses outside the State of New York.

35. Defendants as a regular part of their business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

36. Defendants as a regular part of their business, engaged in credit card transactions involving

banks and other institutions outside the state of New York.

37. At all times applicable herein and upon information and belief, Defendants utilized the instrumentalities of interstate commerce such as the United States mail, electronic mail, the internet and telephone systems. Upon information and belief, Defendants sold and marketed its floral arrangements through its website to internet users across the United Stated.

38. At all times relevant herein and for the time Plaintiff was employed by Defendants, Defendants failed and willfully failed to pay Plaintiff and the putative class members an overtime rate of at least 1.5 times their regular rate of pay for all hours worked in excess of forty hours in a week for each week in which such overtime was worked.

39. Upon information and belief, and at all relevant times herein, Defendants failed to display federal and state minimum wage/overtime posters.

40. Upon information and belief, and at all relevant times herein, Defendants failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies.

41. The treatment of Plaintiff during this employment and the circumstances of the termination of Plaintiff's employment with Defendants are under review, and Plaintiff may assert wrongful termination and other claims at a later time.

42. "Plaintiff" as used in this complaint refers to the named Plaintiff.

43. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq.

44. Plaintiff alleges on behalf of himself and all others similarly situated who opt into this action pursuant to 29 U.S.C. § 216(b), and incorporates by reference the allegations in paragraphs 1 through 43 above as if set forth fully and at length herein.

45. The named Plaintiff has consented to be part of this action by the filing of this action on his behalf and with his consent.

46. The FLSA cause of action is brought as a collective action on behalf of the named Plaintiff and all others who are/were similarly situated and who file consents to opt-in to the action.

47. The class of similarly situated individuals as to the FLSA cause of action is defined as current and former employees of Defendants who: 1) worked more than 40 hours in a week, within at least the three-year period, preceding the filing of this complaint; and 2) were not paid at an overtime rate of at least 1.5 times their regular rate for each and all hours worked in excess of 40 hours in a week as also explained above.

48. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendants, upon information and belief, there are hundreds of members of the class during the class period.

49. The class definition will be refined as is necessary, including after discovery if necessary.

50. At all times relevant to this action, Plaintiff and all those similarly-situated, were employed by Defendants within the meaning of the FLSA – 29 U.S.C 201 et Seq.

51. Upon information and belief, and at all times relevant to this action, Plaintiff and all those similarly similarly-situated, were engaged in commerce and/or in the production of goods for commerce and/or Defendants constituted an enterprise(s) engaged in commerce within the meaning of the FLSA including 29 U.S.C. §§ 207(a).

52. Upon information and belief and at all times relevant herein, Defendants transacted commerce and business in excess of $500,000.00 annually or had revenues and/or expenditures in excess of $500,000.00 annually.

53. At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff, and all those similarly similarly-situated as class members, overtime compensation at rates not less than 1.5 times their regular rate of pay for each and all hours worked in excess of forty hours

in a work week, in violation of 29 U.S.C. § 207.

## Relief Demanded

54. Due to Defendants' FLSA violations, Plaintiff, and all those similarly-situated, are entitled to recover from Defendants, their unpaid overtime wage compensation, plus maximum liquidated damages, attorney's fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
## NYLL 650 et Seq. and 12 NYCRR 142-2.2 etc. (Unpaid Overtime)

55. Plaintiff alleges on behalf of himself and all others similarly situated as class members, and incorporates by reference the allegations in paragraphs 1 through 53 above as if set forth fully and at length herein.

## CLASS ALLEGATIONS

56. Plaintiff sues on his own behalf and on behalf of a class of persons under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

57. The class of similarly-situated individuals as to the overtime cause of action under the NYLL is defined as current and former hourly employees of Defendants who: 1) were employed by Defendants within the State of New York; 2) worked more than forty hours in a week, within at least the six-year period, preceding the filing of this complaint; and 3) not paid at an overtime rate of at least 1.5 times their regular rate for each and all hours worked in excess of forty hours in a week as also explained above.

58. The class definition will be refined as is necessary, including after discovery if necessary.

59. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendants, upon information and belief, there are hundreds of members of the class during the class period.

60. Upon information and belief, the putative class is so numerous that joinder of all members is impracticable.

8

61. Upon information and belief, there are questions of law or fact common to the class – whether the putative class was paid at least 1.5 times the applicable regular rate for all hours in excess of forty in a week.

62. Upon information and belief, the claims of the representative party are typical of the claims of the class.

63. The representative party will fairly and adequately protect the interests of the class.

64. The Defendants has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

65. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

    (a) Whether, Defendants failed and/or refused to pay the Plaintiff and the putative class members at a rate of at least one and one half (1 ½) times their regular hourly rate for all hours worked in excess of forty each week within the meaning of New York Minimum Wage Act and the regulations thereunder – 12 NYCRR § 142-2.2.

66. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in court against corporate defendants and in light of the large number of putative class members.

67. At all times relevant to this action, Plaintiff and all those similarly-situated as class members, were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142.

68. At all times relevant herein, Defendants failed to pay and willfully failed to pay Plaintiff and

all those similarly-situated as class members, overtime compensation at rates not less than 1.5 times their regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.2.

### Relief Demanded

69. Due to Defendant's NYLL overtime violations, Plaintiff, and all those similarly-situated, are entitled to recover from Defendants, their unpaid overtime wages, maximum liquidated damages, prejudgment interest, attorney's fees, and costs of the action, pursuant to NYLL § 663(1).

### AS AND FOR A THIRD CAUSE OF ACTION
### (NYLL § 191, 198  - Untimely Wage Payments)

70. Plaintiff alleges on behalf of himself and all others similarly-situated and incorporates by reference the allegations in paragraphs 1 through 69 above.

71. The class of similarly-situated individuals as to the first cause of action under the NYLL is defined as current and former employees who worked for the Defendants as manual workers within the State of New York who: 1) were not paid their non-overtime and/or overtime wages weekly as also explained above, within at least the six-year period, preceding the filing of this complaint to the date of disposition of this action.

72. The class definition will be refined as is necessary, including after discovery if necessary.

73. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendants, upon information and belief, there are hundreds of members of the class during the class period.

74. Upon information and belief, the putative class is so numerous that joinder of all members is impracticable.

75. Upon information and belief, there are questions of law or fact common to the class – whether Plaintiff and the putative class members were paid wages weekly.

76. Upon information and belief, the claims of the representative party are typical of the claims of the class.

77. The representative party will fairly and adequately protect the interests of the class.

78. The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

79. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

    (a) Whether, Defendants failed and/or refused to pay the Plaintiff and the putative class members their wages weekly, as required by NYLL 191(1)(a).

80. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in court against corporate defendants and in light of the large number of putative class members.

81. At all times relevant to this action, plaintiff and all those similarly-situated as class members, were employed by Defendants within the meaning of the New York Labor Law, §§ 190 et Seq., including NYLL 191(1)(a) and the regulations thereunder.

82. At all times relevant herein, Defendants failed to pay and willfully failed to pay Plaintiff and all those similarly-situated as class members, their wages including overtime and non-overtime wages weekly, in violation of the NYLL 191(1)(a).

**Relief Demanded**

83. Due to Defendant's NYLL 191(1)(a) violations, Plaintiff, and all those similarly situated, are entitled to recover from Defendants, maximum liquidated damages (for the period after April 9, 2011), and interest on wages paid later than weekly, plus attorneys' fees, and costs of the

action, pursuant to NYLL § 198.

## AS AND FOR A FOURTH CAUSE OF ACTION
## NYLL § 190, 191, 193, 195 and 198

84. Plaintiff alleges on behalf of himself and all others similarly situated as class members, and incorporates by reference the allegations in paragraphs 1 through 83 above as if set forth fully and at length herein.

## CLASS ALLEGATIONS

85. Plaintiff sues on his own behalf and on behalf of a class of persons under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

86. The class of similarly-situated individuals as to the cause of action for NYLL 195(1) and NYLL 195(3) violations is defined as current and former hourly employees of Defendants who: 1) were not provided with the notice(s) required by NYLL 195(1), or 2) were not provided with the statement(s) required by NYLL 195(3).

87. The class includes but is not limited to employees who did not receive wage statements, employees who received wage statements but whose wage statements did not reflect all hours worked or all wages earned, and employees who did not receive the required wage notices setting forth the regular and overtime rate of pay, required frequency of pay, among other deficiencies.

88. The class definition will be refined as is necessary, including after discovery if necessary.

89. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendants, upon information and belief, there are hundreds of members of the class during the class period.

90. Upon information and belief, the putative class is so numerous that joinder of all members is impracticable.

91. Upon information and belief, there are questions of law or fact common to the class – (a) whether Defendants failed to provide Plaintiff with the notice(s) required by NYLL 195(1), and (b) whether Defendants failed to provide Plaintiff and the putative class with the statement(s) required by NYLL 195(3).

92. Upon information and belief, the claims of the representative party are typical of the claims of the class.

93. The representative party will fairly and adequately protect the interests of the class.

94. The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

95. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

    (a) whether Defendants failed to provide Plaintiff with the notice(s) required by NYLL 195(1), and whether Defendants failed to provide Plaintiff and the putative class with the statement(s) required by NYLL 195(3).

96. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in court against corporate defendants and in light of the large number of putative class members.

97. At all times relevant to this action, Plaintiff and all those similarly-situated as class members, were employed by Defendants within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198.

98. At all times relevant herein, Defendants failed and willfully failed to provide Plaintiff and the class members with the notice(s) required by NYLL 195(1) – Plaintiff and the class are

therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendants to comply with NYLL 195(1).

99. At all times relevant herein, Defendants failed and willfully failed to provide Plaintiff and the class members with the statement(s) required by NYLL 195(3) – Plaintiff and the class are therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1d), as well as an injunction directing Defendants to comply with NYLL 195(1).

## Relief Demanded

100. Due to Defendants' New York Labor Law Article 6 violations including violation of sections 191, 193, 195 and 198, Plaintiff, and all those similarly-situated, are entitled to recover from Defendants, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

101. Declare Defendants, individually, and/or jointly, to be in violation of the Plaintiff's rights under the Fair Labor Standards Act, Article 6 of the New York Labor Law, the New York Minimum Wage Act, and the Regulations thereunder;

102. As to the **First Cause of Action**, award Plaintiff and those similarly-situated as class members, who opt-in to this action, their unpaid overtime wages due under the FLSA, together with maximum liquidated damages, costs and attorney's fees pursuant to 29 USC § 216(b);

103. As to the **Second Cause of Action**, award Plaintiff and those similarly situated as class members, their unpaid overtime wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR §§ 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

104. As to the **Third Cause of Action**, award Plaintiff and all those similarly-situated as class members, maximum liquidated damages (for the period after April 9, 2011) on all wages paid later than weekly, and interest, plus attorneys' fees, costs and disbursements pursuant to NYLL §§ 191, 198

105. As to the **Fourth Cause of Action**, award Plaintiff and those similarly situated as class members, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

106. Award Plaintiff and putative class members prejudgment interest on all monies due;

107. Award Plaintiff and all others similarly situated as class members where applicable, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause, in addition to the relief requested in the wherefore clause;

108. Award Plaintiff and all others similarly situated, such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
       **November 29, 2017**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

 /s/ Abdul Hassan
By: Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 - Fax: 718-740-2000
E-mail: abdul@abdulhassan.com
ATTORNEY FOR THE PLAINTIFF