# Abdul Hassan Law Group, PLLC
## 215-28 Hillside Avenue
## Queens Village, New York, 11427

~~~~

| | |
|---|---|
| **Abdul K. Hassan, Esq.** | Tel: 718-740-1000 |
| Email: abdul@abdulhassan.com | Fax: 718-740-2000 |
| *Employment and Labor Lawyer* | Web: www.abdulhassan.com |

**January 28, 2018**

**Via ECF**

Hon. William H. Pauley III, USDJ
United States District Court, SDNY
500 Pearl Street, Room 1920
New York, NY 10007
Tel: 212-805-6387

<u>Re: Knights v. Novitex Enterprise Solutions, Inc. et al</u>
    Case No.  17-CV-09359 (WHP)
    Response to Motion for Pre-Motion Conference

Dear Judge Pauley:

      My firm represents plaintiff Joseph Knights ("Plaintiff"), in the above-referenced case, and I respectfully write in response to the request of Defendant Novitex Enterprise Solutions, Inc. ("Defendant"), for a pre-motion conference in anticipation of its motion to compel arbitration. (ECF No. 21). We leave the decision on a pre-motion conference to the Court's discretion – but respectfully request that the Court combine any pre-motion conference with the February 23, 2018 initial conference.

      At the outset, this case involves two Defendants and only Novitex Enterprise Solutions, Inc. is seeking to compel arbitration under the purported agreement. As such, in the unlikely event arbitration is compelled with respect to Novitex, the claims against Defendant The Millennium Group of Delaware, Inc. ("TMG"), will continue in this Court. However, we do not believe that Novitex can prevail on a motion or **jury** trial to compel arbitration.

      First, the purported arbitration agreement is not signed by any of the Defendants or any employer. As such, there is no meeting of the minds and no actual agreement to enforce. At minimum, there is a question of fact as to whether there was an actual agreement. Such questions which are increasing by the day, require a trial by jury – Plaintiff demands such a jury trial, including under the FAA. See 9 USC § 4. Moreover, while Defendant represents that Novitex entered into an agreement with Plaintiff, the "agreement" mentions Pitney Bowes Inc. and

1

defense counsels have put forth a convoluted story as to how Pitney Bowes Inc. allegedly became Novitex – even more questions for a jury.

Second, even if there was a meeting of the minds and the parties actually entered into the purported agreement, it is not clear that the PB Resolve program is still in existence – even defense attorneys were not sure when we spoke, and a jury will have to decide these types of issues as well and whether Defendant can pick and choose different parts of the program at the expense of the Plaintiff.

Third, defense counsels have confirmed that the purported arbitration agreement was a mandatory term and condition of Plaintiff's employment. As such, it seems obvious that such a program would violate the anti-retaliation/anti-discrimination provision of the FLSA and NYLL – conditioning employment on the waiver of the specific right under 29 USC 216 (b) to file a case in court without suffering an adverse employment action such as denial of employment or termination. As far as we know, even though this is an extremely powerful argument, it appears it has not been addressed by any court – likely because of the restrictive view of 29 USC 215(3) taken by the Second Circuit until 2015 when in *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105 (2d Cir. 2015), it reversed its precedent.

It is also worth noting that the sexual harassment issue that is sweeping the nation, has highlighted the evils of arbitration and confidentiality and the public's reaction appears to be overwhelmingly against the use of arbitration in the employment setting. Almost every segment of society including business and the different branches of government are re-evaluating ADR procedures. In fact, in light of the public spotlight, many companies like Wells Fargo are embarrassed to defend their arbitration agreements before Congress, and Microsoft recently announces it would not enforce mandatory arbitration in certain employment cases.

Also, most arbitration jurisprudence was developed under other statutes such as the anti-trust statute which do not have similar anti-discrimination provisions – many judges simply borrow the jurisprudence without accounting for these types of differences among statutes. Notably, while the Second Circuit in *Rodriguez-Depena v. Parts Auth., Inc.*, 877 F.3d 122 (2d Cir. 2017), held that FLSA claims are arbitrable, it did not address the question of whether pre-dispute mandatory arbitration agreements violate the anti-retaliation/anti-discrimination provisions of the FLSA and NYLL – likely because of the view that the issue was not properly raised and preserved. Similarly, because *Rodriguez* is still pending in the Circuit, and in order to preserve his rights and objections, Plaintiff here will also raise the issues raised in *Rodriguez* which we will address in further briefing.

It is Plaintiff's position that full briefing on the issues is required. Moreover, Plaintiff will exercise his right to a jury trial as to factual issues, including factual issues concerning the formation of the agreement. We're still investigating and reviewing with Plaintiff; the circumstances of the purported agreement and more issues are likely to arise – some additional discovery will be required in this regard. For example, an obvious material term of the purported agreement is that Plaintiff "had an opportunity to review the PB Resolve Program Manual and agree to abide by its terms." However, it appears that Plaintiff did not have any such opportunity and did not review any such manual. Plaintiff also demands an original copy of the purported agreement so that any signatures can be properly examined – the purported agreement is from

more than 10 years ago and we need as much information as we can get including to refresh the parties' recollections.

      We also believe in the circumstances of this case and all the questions that have arisen, that there was a knowing, intentional, and voluntary waiver of the Constitutional right to a jury trial. Importantly the constitutional right to a jury trial is much higher than rights that flow from lower level authorities such as the FAA and other statutes. To the extent there is a statutory presumption in favor of arbitration, there is a much higher constitution presumption against waiver of the right to a jury trial. Moreover, it is Defendant Novitex and not the Plaintiff who has the very high burden of proving that Plaintiff waived his constitutional right to a jury trial. Questions of intent, knowledge and voluntariness are generally one for a jury and require a lot of information that Defendant Novitex appears to lack.

      We thank the Court in advance for its time and consideration.

Respectfully submitted,

Abdul Hassan Law Group, PLLC

 /s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*

**cc:**     **Defense Counsel via ECF**