# Abdul Hassan Law Group, PLLC
## 215-28 Hillside Avenue
## Queens Village, New York, 11427

~~~~

**Abdul K. Hassan, Esq.**                                                                    Tel: 718-740-1000
Email: abdul@abdulhassan.com                                                       Fax: 718-740-2000
*Employment and Labor Lawyer*                                               Web: www.abdulhassan.com

**August 17, 2018**

**Via ECF**

Hon. Sarah Netburn, USMJ
United States District Court, SDNY
40 Foley Square, Courtroom: 219
New York, NY 10007
Tel: 212-805-0286

      **Re: Joseph Knights v. Novitex Enterprise Solutions, Inc. et al.**
       Case No.  17-CV-09359 (SN)
       Motion for Settlement Approval

Dear Magistrate-Judge Netburn:

  My firm represents plaintiff Joseph Knights ("Plaintiff"), in the above-referenced action, and I respectfully write to seek approval of the settlement in this action as per the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The fully executed settlement agreement is attached hereto as Exhibit 1.

  On July 13, 2018, your Honor conducted a settlement conference with the parties which resulted in a settlement of the action. The parties consented to Your Honor's jurisdiction for all purposes (ECF No. 37) and intended to have approval of the settlement at the conclusion of the settlement conference – that did not occur because of time constraints. However, the Court told the parties to submit the settlement agreement on the record and that it will rely on prior submissions and exchanges at the July 13, 2018 conference presided over by Your Honor, for purposes of *Cheeks* approval.

  In essence however, Plaintiff is due to receive $30,000 under the settlement. Plaintiff's counsel is due to receive a little less than a 1/3 contingency fee ($14, 474), after reimbursement of $526 in costs. (Ex. 1 ¶ 2)[1]. Plaintiff's counsel has received similar or higher legal fees in other

---

[1] See *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990). Plaintiff' Counsel's retainer rate is $600 and the retainer agreement with Plaintiff states in relevant part as follows:

FLSA settlements approved by courts. See *Persaud v. Consulate General of Guyana in New York et al*, Case No. 16-cv-01755 (Magistrate-Judge Peck - SDNY)(approving 1/3 fees of $23,080 under *Cheeks*); *Bumagin v. The Mount Sinai Medical Center, Inc.* et al, Case No.16-cv-08783, ECF No. 40, (SDNY – Judge Gorenstein)(1/3 fee of $14,000 under *Cheeks*); *Rivera v. Golden Krust Caribbean Bakery Inc.*, Case No. 16-cv-09219 (Magistrate-Judge Pitman) (1/3 fee of $16,666 under *Cheeks*); *Andrea Carter v. Long Island Care Center, Inc.*, Case No.15-cv-4058 (PKC)(VMS), (February 19, 2016 text only order – 1/3 fee under *Cheeks* of about $27,000); *Kirkland v. ASA College, Inc. et al*, 16-cv-02908 (Magistrate-Judge Levy – EDNY)(1/3 fee of $12,978 under *Cheeks*).

Consistent with *Cheeks*, the settlement agreement does not contain confidentiality, non-disparagement or similar provisions imposing future obligations/costs on Plaintiff.

We thank the Court in advance for its time and consideration, and respectfully request approval of the settlement as fair and reasonable.

Respectfully submitted,

Abdul Hassan Law Group, PLLC

 /s/ Abdul Hassan
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*

**cc:    Defense Counsel via ECF**

---

The amount of Attorney's contingency fee will be the greater of:
(a) A reasonable percentage fee which is one-third (1/3) of all sums recovered on Client's behalf; or

(b) A reasonable hourly fee which is the amount of Attorney's hourly rates as laid out below times the number of hours spent by the Attorney on Client's behalf; or

(c) A separate recovery of fees such as where a court or other tribunal awards attorney's fees or where a defendant(s) settles a demand for fees.

See also *Brown v. Starrett City Associates*, 2011 WL 5118438, 8 (E.D.N.Y.), the court, citing *Venegas*, also noted that even when a court makes a lodestar fee award, "The award is then subject to whatever private contractual agreement exists between plaintiff and his or her counsel." While time is still accruing, the hourly retainer fees exceed the 1/3 contingency fee Plaintiff's counsel is due to receive in this case.