**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Joseph Knights, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Novitex Enterprise Solutions, Inc. and The Millennium Group of Delaware, Inc.,<br><br>Defendants. | Case No.: 1:17-cv-09359 (SN) |

### NEGOTIATED SETTLEMENT AGREEMENT AND GENERAL RELEASE

Plaintiff Joseph Knights ("Plaintiff") and Defendants Exela Enterprise Solutions, Inc. f/k/a Novitex Enterprise Solutions, Inc. ("Exela") and The Millennium Group of Delaware, Inc. ("TMG" and collectively with Exela referred to herein as "Defendants") desire to settle and resolve fully all claims that have been or could have been brought against Defendants by Plaintiff, and have reached a compromise settlement agreement to dispose of all such claims, including but not limited to, Plaintiff's claims against Defendants in the lawsuit captioned *Knights v. Novitex Enterprise Solutions et al.*, Case No. 1:17-cv-09359 (SN), pending in the United States District Court for the Southern District of New York ("Lawsuit"). Therefore, in consideration of the foregoing, Plaintiff and Defendants agree as follows:

1. **Consideration.** In consideration for Plaintiff's signing this Negotiated Settlement Agreement and General Release ("Agreement") and complying with the promises made by Plaintiff contained in this Agreement, including the release and waiver of claims, Defendants agree to provide Plaintiff with the total settlement sum of Forty Five Thousand Dollars and Zero Cents ($45,000.00) in consideration for and in full satisfaction of all claims Plaintiff may have against Releasees (as defined below), known or unknown, asserted or unasserted, through the date of Plaintiff's execution of the Agreement. Of the total settlement sum, Exela shall pay Twenty Thousand Dollars and Zero Cents ($20,000.00) and TMG shall pay Twenty-Five Thousand Dollars and Zero Cents ($25,000.00). Such payments shall be allocated as follows:

   (a) Exela shall issue a check made payable to "Joseph Knights" in the amount of Five Thousand Two Hundred Eighty Dollars and Zero Cents ($5,280.00), less applicable taxes and withholdings, in full satisfaction of all Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") claims Plaintiff may have against Exela for wages allegedly owed, which shall be reportable on an IRS Form W-2;

   (b) Exela shall issue a check made payable to "Joseph Knights" in the amount of Eight Thousand Dollars and Zero Cents ($8,000.00), in full satisfaction of all claims Plaintiff may have against Exela for alleged compensatory damages,



liquidated damages, penalties and interest, which shall be reportable on an IRS Form 1099 (Box 3);

(c) Exela shall issue a check made payable to "Abdul Hassan Law Group, PLLC" in the amount of Six Thousand Seven Hundred Twenty Dollars and Zero Cents ($6,720.00), as payment for attorneys' fees and costs, which shall be reportable on an IRS Form 1099 (Box 14); 

(d) TMG shall issue a check made payable to "Joseph Knights" in the amount of Six Thousand Seven Hundred Twenty Dollars and Zero Cents ($6,720.00), less applicable taxes and withholdings, in full satisfaction of all FLSA and NYLL claims Plaintiff may have against TMG for wages allegedly owed, which shall be reportable on an IRS Form W-2; 

(e) TMG shall issue a check made payable to "Joseph Knights" in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), in full satisfaction of all claims Plaintiff may have against TMG for alleged compensatory damages, liquidated damages, penalties and interest, which shall be reportable on an IRS Form 1099 (Box 3); and 

(f) TMG shall issue a check made payable to "Abdul Hassan Law Group, PLLC" in the amount of Eight Thousand Two Hundred Eighty Dollars and Zero Cents ($8,280.00), as payment for attorneys' fees and costs, which shall be reportable on an IRS Form 1099 (Box 14). 

(g) The payments set forth above will be sent to Plaintiff's counsel of record within twenty-one (21) days of the latest of the following: (i) Defendants' counsel being in receipt from Plaintiff of two (2) originals of this Agreement executed by Plaintiff, including a Stipulation and Order of Final Dismissal with Prejudice executed by Plaintiff's counsel, along with IRS Forms W-9 executed by Plaintiff and Plaintiff's counsel; and (ii) Defendants' counsel being in receipt of notice of the Court's approval of all terms of the Agreement and also in receipt of the Stipulation and Order of Final Dismissal with Prejudice of Plaintiff's Claims in the form attached hereto as Exhibit "A" signed and entered by the Court.

(h) **Indemnification**. Plaintiff shall be solely responsible for the payment of all taxes, interest, penalties and other liabilities or costs that may be assessed in connection with the settlement sums set forth in Paragraphs "1(b)" and "1(e)" above. Plaintiff further agrees to indemnify and hold Defendants harmless against the payment of any such taxes, interest, penalties and other liabilities or costs that may be assessed against them in connection with such settlement sums. Plaintiff acknowledges that he has not relied on any oral or other representations made by Defendants or their counsel regarding the tax consequences of any of the amounts paid pursuant to this Agreement.

2. **No Consideration Absent Execution of this Agreement.** Plaintiff understands and agrees that Plaintiff would not receive the monies specified in paragraph "1" above, except for Plaintiff's execution of this Agreement and the fulfillment of the promises contained herein.

3. **General Release of All Claims by Plaintiff.** Plaintiff, his heirs, executors, administrators, successors and assigns voluntarily release and forever discharge Defendants, and their respective direct and indirect parent companies and their subsidiaries, divisions and affiliated entities, current and former owners, equity holders, officers, directors, principals, shareholders, trustees, administrators, executors, agents, attorneys, employees, former employees, insurers, reinsurers, predecessors, successors and assigns, and their employee benefit plans and programs and their administrators and fiduciaries, both individually and in their official capacities (collectively "Releasees") of and from any actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, judgments, obligations, union grievances, claims, charges, complaints, appeals and demands whatsoever, in law or equity, which he may have against Releasees as of the date of execution of this Agreement, whether known or unknown, asserted or unasserted, including, but not limited to, any alleged violation of: the Fair Labor Standards Act, 29 U.SC. § 201 et seq.; the New York Minimum Wage Law and all wage orders; the New York Wage and Wage Payment laws, including Sections 190 et seq. of the Labor Law; Article 6 of the New York Labor Law, New York Labor Law § 190 et seq.; any other federal, state, city or local human rights, civil rights, wage-hour, wage-payment, pension, employee benefits, labor or other laws, rules, regulations and/or guidelines, constitutions or ordinances; any public policy, contract (whether oral or written, express or implied) or tort laws; any claim arising under the common law; any other claim for unpaid wages, unpaid overtime, failure to issue proper wage statements and/or wage notices, employment discrimination, retaliation, wrongful termination, constructive discharge, breach of contract, pain and suffering, mental anguish, intentional and/or negligent infliction of emotional distress; any claim for costs, fees, or other expenses, including attorneys' fees or any other action against Releasees, based upon any conduct occurring from the beginning of time up to and including the date of Plaintiff's execution of this Agreement.

4. **Acknowledgments and Affirmations.** Plaintiff affirms that Plaintiff has not filed or caused to be filed, and is not presently a party to any claim against Defendants except for his claims in the Lawsuit, which he agrees to the dismissal of with prejudice.

The Parties acknowledge that this Agreement does not limit any party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency. To the extent permitted by law, Plaintiff agrees that if such an administrative claim is made, Plaintiff shall not be entitled to recover any individual monetary relief or other individual remedies.

5. **Procedure.** After this Agreement and the Stipulation and Order of Final Dismissal with Prejudice of Plaintiff's Claims ("Stipulation") attached as Exhibit "A" are fully-executed by the Parties and their counsel, subject to Defendants' review of and consent to the motion for judicial approval of the settlement, Plaintiff on behalf of the Parties will submit the Agreement and Stipulation to the Court for the Court's consideration and approval. The Court's approval of all provisions of this Agreement is a material term of this Agreement.

6. **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the state of New York without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, any party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

7. **Nonadmission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

8. **Amendment.** This Agreement may not be modified, altered or changed except in writing and signed by all Parties wherein specific reference is made to this Agreement.

9. **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Plaintiff acknowledges that he has not relied on any representations, promises, or agreements of any kind made to Plaintiff in connection with his decision to accept this Agreement, except for those set forth in this Agreement.

10. **Counterparts.** This Agreement may be executed in counterparts with all counterparts constituting the entire Agreement and with the same full force and effect as if this Agreement were not executed in counterparts. Electronic and facsimile signatures shall be deemed as originals.

**PLAINTIFF IS HEREBY ADVISED IN WRITING THAT HE IS AFFORDED UP TO TWENTY-ONE (21) CALENDAR DAYS TO CONSIDER THIS AGREEMENT AND TO CONSULT WITH HIS ATTORNEY PRIOR TO EXECUTION OF THIS AGREEMENT, WHICH HE AGREES THAT HE HAS DONE.**

**PLAINTIFF AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL UP TO TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.**

**HAVING ELECTED TO EXECUTE THIS AGREEMENT AND TO FULFILL THE PROMISES SET FORTH HEREIN AND TO RECEIVE THEREBY THE SETTLEMENT SUM SET FORTH IN THIS AGREEMENT, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND DISCUSSION WITH HIS ATTORNEY, ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST RELEASEES.**

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

JOSEPH KNIGHTS

Dated: 8-14-, 2018

_____
Joseph Knights

EXELA ENTERPRISE SOLUTIONS, INC.
f/k/a NOVITEX ENTERPRISE
SOLUTIONS, INC.

Dated: August 8, 2018

By: _Theresa K. M____

THE MILLENNIUM GROUP OF
DELAWARE, INC.

Dated: _____, 2018

By: _____

5

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

JOSEPH KNIGHTS

Dated: _____, 2018

_____
Joseph Knights

EXELA ENTERPRISE SOLUTIONS, INC.
f/k/a NOVITEX ENTERPRISE
SOLUTIONS, INC.

Dated: _____, 2018

By: _____

THE MILLENNIUM GROUP OF
DELAWARE, INC.

Dated: 8/3, 2018

By: _____

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Joseph Knights, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Novitex Enterprise Solutions, Inc. and The Millennium Group of Delaware, Inc.,<br><br>Defendants. | Case No.: 1:17-cv-09359 (SN) |

## STIPULATION AND ORDER OF FINAL DISMISSAL WITH PREJUDICE OF PLAINTIFF'S CLAIMS

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff Joseph Knights ("Plaintiff") and Defendants Exela Enterprise Solutions, Inc. f/k/a Novitex Enterprise Solutions, Inc. and The Millennium Group of Delaware, Inc. (collectively referred to herein as "Defendants") that the Negotiated Settlement Agreement and General Release in this matter having been reviewed by the Court and found to be fair and reasonable, Plaintiff's claims in the above-captioned action shall be dismissed in their entirety, with prejudice, in accordance with the terms of the Negotiated Settlement Agreement and General Release.

Respectfully submitted,

| | |
|---|---|
| ABDUL HASSAN LAW GROUP, PLLC<br>215-28 Hillside Avenue<br>Queens Village, NY 11427<br>Tel. No. (718) 740-1000<br><br>By: *Abdul Hassan*<br>     Abdul K. Hassan<br><br>Dated: **August 8**, 2018<br><br>ATTORNEYS FOR PLAINTIFF | JACKSON LEWIS P.C.<br>666 Third Avenue, 29th Floor<br>New York, NY 10017<br>Tel. No. (212) 545-4000<br><br>By: *[signature]*<br>     Jason A. Zoldessy<br>     Douglas J. Klein<br><br>Dated: August 8, 2018<br><br>ATTORNEYS FOR DEFENDANT EXELA ENTERPRISE SOLUTIONS, INC. f/k/a NOVITEX ENTERPRISE SOLUTIONS, INC. |

ANSA ASSUNCAO LLP
707 Westchester Avenue, Suite 309
White Plains, NY 10604
Tel. No. (914) 298-2271

By: _____
Stefanie A. Bashar

Dated: August 8, 2018

ATTORNEYS FOR DEFENDANT THE
MILLENNIUM GROUP OF DELAWARE, INC.

SO ORDERED on this _____ day of _____, 2018.

_____
Hon. Sarah Netburn
United States Magistrate Judge

4827-1663-2175, v. 1